**Juana ALVAREZ–SALAZAR,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 10–70143.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2013.*

Filed June 14, 2013.

Juana Alvarez–Salazar, Los Angeles, CA, pro se.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Nehal Kamani, Oil, Craig Alan Newell, Jr., Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Juana Alvarez–Salazar, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Alvarez–Salazar failed to establish that she was or would be persecuted on account of any protected ground. *See Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir.2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, in the absence of nexus to a protected ground, Alvarez–

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Salazar's asylum and withholding of removal claims fail. Because Alvarez–Salazar failed to establish past persecution on account of a protected ground, her claim for humanitarian asylum necessarily fails. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

Finally, substantial evidence supports the agency's finding that Alvarez–Salazar failed to establish it is more likely than not she would be tortured with the consent or acquiescence of the government if returned to Guatemala. *See Santos–Lemus v. Mukasey,* 542 F.3d 738, 747–48 (9th Cir.2008). Accordingly, Alvarez–Salazar's CAT claim fails.

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.